IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | 08 CR 223-3 |
| ) | |
| WALLACE BUTCHER ) | Judge Virginia M. Kendall |
| ) | |

## **MEMORANDUM OPINION AND ORDER**

On February 17, 2010, Defendant Wallace Butcher was sentenced to a term of 80 months imprisonment for his violation of 21 U.S.C. § 841(a)(1) and 60 months imprisonment for his violation of 18 U.S.C. § 924(c), to be served consecutively. Butcher filed a Motion for Reduction of Sentence, pursuant to 18 U.S.C. § 3582(c)(2), based on a recent amendment to the Sentencing Guidelines which lowered the base offense levels applicable to cocaine base ("crack") offenses. (Doc. 320). Although the Government filed its Response, (Doc. 323), Butcher informed the Court that he had not received the Response at his place of incarceration, (Doc. 331). The Court ordered the Government to mail its Response to Butcher, which the Government certifies was sent by first-class mail on April 16, 2012 to his listed place of incarceration. (Doc. 334). Butcher has not filed a Reply. For the following reasons, the recent amendment is inapplicable to Butcher because it does not reduce his Sentencing Guidelines range. Consequently, Butcher's sentence is ineligible for reduction and the Court denies his Motion.

**I. BACKGROUND**

Defendant Wallace Butcher was charged by superseding information with distribution of five grams or more of mixtures and substances containing crack cocaine (Count One) and possession

1

with intent to distribute fifty grams or more of mixtures and substances containing crack cocaine and cocaine (Count Two), both in violation of 21 U.S.C. § 841(a)(1), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count Three).

Butcher's charges arose out of his participation in a conspiracy, along with Harold Perkins, Roberto Duran, and others, to possess with intent to distribute and distribute cocaine and crack cocaine, in violation of 21 U.S.C. § 841(a)(1). In particular, defendant converted powder cocaine to crack cocaine at a house used by the conspirators on West Jarvis Avenue, in Chicago for distribution by the conspiracy. In addition, defendant purchased crack cocaine from Duran and delivered crack cocaine both on his behalf and with Perkins to customers at various locations, including from a van used by the conspirators to store narcotics for sale. Defendant possessed three firearms; specifically: a Raven Arms .25 caliber pistol, a KelTec, 9mm caliber pistol, and a Colt .38 caliber revolver and ammunition, which defendant and others used to facilitate their distribution of cocaine and crack cocaine, in violation of 18 U.S.C. § 924(c).

On February 17, 2010, Butcher was sentenced by this Court to a term of 80 months imprisonment for his violation of 21 U.S.C. § 841(a)(1) as set forth in Count One of the Superseding Indictment, and 60 months imprisonment for his violation of 18 U.S.C. § 924(c) as set forth in Count Two of the Superseding Indictment, to be served consecutively. In imposing its sentence, the Court determined that Butcher's base offense level applicable to Count One was 32, because the amount of narcotics involved in the offense and relevant conduct for which Butcher was responsible was approximately 420 grams of cocaine base in the form of crack cocaine and 688.3 grams of cocaine. The Court further found that Butcher's base offense level was then reduced by 3 levels, resulting in a total combined offense level of 29. The Court also found that Butcher's prior conduct placed

him in Criminal History Category IV. With a combined offense level of 29 and a Criminal History Category IV, the Court found that Butcher's Sentencing Guideline range was 121 months to 151 months imprisonment. Butcher was also subject to a mandatory minimum sentence of 60 months as to Count One. Further, the Court found that defendant was subject to a mandatory minimum sentence of 60 months as to Count Two, which, pursuant to statute, was to be imposed consecutively to any other sentence. Accordingly, Butcher was sentenced to 140 months' imprisonment.

Butcher now seeks a retroactive reduction of this sentence pursuant to part A of Amendment 750 to the Guidelines, which took effect on November 1, 2011. *See* USSG, App. C, Amdt. 750 (2011). Butcher informs the Court that during his incarceration, he has completed the Drug Abuse Education Course, received his G.E.D. and has sought to better himself to become a better father and family man. (Doc. 320). The Government argues that the Amendment is inapplicable to Butcher because it does not reduce his Sentencing Guidelines range and consequently the Court cannot reduce his sentence.

## II. DISCUSSION

The Fair Sentencing Act of 2010, which alters the statutory penalties applicable to crack cocaine offenses, became effective on August 3, 2010. *See* Pub. L. No. 111-220, 124 Stat. 2372 (2010). The aim of the Act is to reduce the disparity between prison sentences for cocaine offenses and for crack offenses (otherwise known as "cocaine base" offenses). Under the Anti-Drug Abuse Act of 1986, the mandatory minimum prison terms for cocaine and crack based offenses reflected a 100-to-1 disparity between the amounts of crack cocaine and powder cocaine needed to trigger the mandatory minimums. *See* 21 U.S.C. §§ 841(b)(1)(A)(iii), (B)(iii) (2006 ed.). The Fair Sentencing Act reduced the disparity between crack and powder cocaine to a ratio of 18-to-1. *See* § 2(a), 124

Stat. 2372. Specifically, the Act amends 21 U.S.C. § 841(b), which is the penalty provision of 21 U.S.C. § 841. The Act directed the United States Sentencing Commission to "as soon as practicable," but no later than 90 days after the Act's effective date, promulgate amendments to the Sentencing Guidelines reflecting the statutory changes. *Id.* at 2372-2375. The Commission adopted Amendment 750, which makes permanent adjustments to the offense levels in Section 2D1.1 for various quantities of crack cocaine. *See* USSG, App. C, Vol. Ill at 374-381. The Commission voted to give part A of Amendment 750 (the part which is relevant to Butcher's case) retroactive effect. *See* 76 Fed. Reg. 41332-41335 (July 13, 2011). Amendment 750 became effective on November 1, 2011. *Id.* at 41332. Part A of Amendment 750 is included among the Guideline amendments covered by Revised Section 1B1.10, which sets forth the amendments to the Guidelines that may be applied retroactively. *See* USSG § 1B1.10(c).

Pursuant to 18 U.S.C. § 3582(c), the Court may reduce the sentence of a defendant who has been sentenced to a term of imprisonment that has subsequently been lowered by the United States Sentencing Commission. When a retroactive Guideline Amendment is adopted, Section 3582(c)(2) "permits defendants sentenced based on a sentencing range that has been modified to move for a reduced sentence." *Freeman v. United States*, 131 S. Ct. 2685, 2690 (2011). The Court may, in its discretion, reduce such a sentence after considering the factors set forth in Section 3553(a) to the extent that they are applicable. A reduction in a defendant's sentence must be consistent with any applicable policy statements issued by the Sentencing Commission. *See Dillon v. United States*, 130 S. Ct. 2683, 2691 (2010).

The Supreme Court in *Dillon*, 130 S. Ct. at 2691-2692, set forth a two-step framework for applying Section 3582(c):

4

> The statute [18 U.S.C. § 3582(c)] thus establishes a two-step inquiry. A court must first determine that a reduction is consistent with §1B1.10 before it may consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a).
>
> Following this two-step approach, a district court proceeding under § 3582(c)(2) does not impose a new sentence in the usual sense. At step one, § 3582(c)(2) requires the court to follow the Commission's instructions in § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized. Specifically, § 1B1.10(b)(1) requires the court to begin by determining the amended guideline range that would have been applicable to the defendant had the relevant amendment been in effect at the time of the initial sentencing. In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.
>
> \*\*\*
>
> At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case. Because reference to § 3553(a) is appropriate only at the second step of this circumscribed inquiry, it cannot serve to transform the proceedings under § 3582(c)(2) into plenary resentencing proceedings.

*Dillon*, 130 S. Ct. at 2691-2692 (internal citations and quotations omitted).

The extent of any reduction to a defendant's sentence is limited. Congress delegated the authority to determine the extent to which a sentence may be reduced to the Sentencing Commission. *See* 18 U.S.C. § 3582(c)(2); 28 U.S.C. § 994(u). The Commission has decided that, with one exception not relevant to Butcher's case, the courts may not reduce a defendant's term of imprisonment pursuant to Section 1B1.10(b) to a term that is less than the relevant minimum amended guideline range determined under subdivision (1). *See* USSG § 1B1.10(b)(2)(A). An application note to Section 1B1.10 provides that "if the original term of imprisonment imposed was within the guideline range applicable to the defendant at the time of sentencing, the court may

reduce the defendant's term of imprisonment to a term that is no less than the minimum term of imprisonment provided by the amended guideline range determined under subsection (b)(1)." USSG § 1B1.10 app. note 3.

Furthermore, in its revisions to Section 1B1.10, the Commission made clear that a sentencing court is not authorized to reduce a defendant's sentence when a retroactive amendment does not result in lowering the applicable sentencing range for the defendant. Specifically, subsection (a)(2)(B) states: "*A reduction* in the defendant's term of imprisonment is not consistent with this policy statement and therefore *is not authorized* under 18 U.S.C. § 3582(c)(2) *if . . . an amendment* listed in subsection (c) *does not have the effect of lowering the defendant's applicable guideline range*." U.S.S.G. § 1B1.10 (a)(2)(B) (emphases added). Such is the case for Butcher.

The evidence before the Court at sentencing established that Butcher's offense involved 420 grams of crack. At the time Butcher was sentenced, the Court concluded that then-applicable marijuana equivalency for the total amount of crack cocaine and cocaine distributed by defendant was 8,537.66 kilograms of marijuana, which resulted in a base offense level of 34; this level was then reduced by 2 levels pursuant to the then-applicable Application Note 10(D)(i) because the offense involved crack cocaine. Accordingly, under the Sentencing Guidelines in place at the time of Butchers sentencing, Butcher's base offense level was 32. Yet under the amended FSA guidelines, Butcher's base offense level is also 32. Applying the Drug Equivalency Tables set forth in the amended FSA Guidelines, 420 grams of crack cocaine is equivalent to 1,499 kilograms of marijuana, and 688.3 grams of powder cocaine is equivalent to 137.6 kilograms of marijuana, for a total of 1,513 kilograms of marijuana. Section 2D1.1(c)(4) provides that for drug quantity of more than 1,000 kilograms but less than 3,000 kilograms of marijuana, the applicable offense level is 32.

6

As a result, Butcher's Sentencing Guideline range has not changed with the amendment. Pursuant to § 3582(c), Butcher is not eligible for relief. *See* U.S.S.G. § 1B1.10 (a)(2)(B) ("A reduction in the defendant's term of imprisonment . . . is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment . . . does not have the effect of lowering the defendant's applicable guideline range.").

Other courts also agree that where, as is the case here, application of the pertinent amendment does not result in a different sentencing range, no reduction of sentence may occur. *See, e.g., United States v. Forman*, 553 F.3d 585, 589-90 (7th Cir. 2009) (no reduction because defendant was sentenced under the career offender *guideline); United States v. Griffin, 652 F.3d. 793, 803 (7th Cir. 2011) (same); United* States v. Woods, 581 F.3d 531, 538 (7th Cir. 2009) (no reduction where no change in offense level based on particular quantity). This limitation is a straightforward application of the statutory text: Section 3582(c) only applies to defendants who were "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered" by a retroactive amendment. § 3582(c)(2).

## III. CONCLUSION

For the foregoing reasons, Butcher's sentence is ineligible for reduction and the Court denies his Motion for Reduction of Sentence.

_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: September 5, 2012

7